**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Leon-Sanchez,<br><br>    Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>    Respondents. | No. CV-18-00208-TUC-RM<br><br>**ORDER** |

On August 27, 2019, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation ("R&R") (Doc. 25) recommending that this Court dismiss Petitioner Manuel Leon-Sanchez's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 6). Petitioner Leon-Sanchez filed an Objection to the R&R (Doc. 26), and the Government responded to the Objection (Doc. 27). For the following reasons, Petitioner's Objection will be overruled and the R&R will be adopted with respect to its findings on the untimeliness of the § 2254 Petition.

**I.    Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part," a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## II. Background

### A. Procedural Background

On June 13, 2002, Petitioner was indicted for the rape of a 21-month-old child. (Doc. 16 at 12–13, 35.) After a trial by jury, Petitioner was convicted of four felony counts: (1) sexual conduct with a minor, (2) sexual assault, (3) aggravated assault causing serious physical injury, and (4) kidnapping. (*Id*. at 35.) The verdict included a specific finding that the victim was less than 12 years old. (Doc. 21 at 6.) Pursuant to A.R.S. § 13-604.01 (sentencing for dangerous crimes against children, "DCAC"), Petitioner was sentenced to consecutive terms of life imprisonment with no possibility of parole for 35 years on Counts (1) and (2), and 24 years each on Counts (3) and (4). (Doc. 16 at 35.) All sentences were to run consecutively. (*Id*. at 35.) On April 20, 2004, the Arizona Court of Appeals affirmed Petitioner's four convictions but modified the sentences for Counts (1) and (2) to run concurrently rather than consecutively. (*Id*. at 9–10.) Petitioner was re-sentenced on August 9, 2005. (Doc. 21 at 7.)

Petitioner filed three Notices of Post-Conviction Relief ("PCR"), but only the third was accompanied by a corresponding Petition. The first Notice—which was stayed until the completion of Petitioner's direct appeal—was filed on March 27, 2003 (Doc. 16 at 65), the second on September 14, 2004 (*id*. at 68), and the third on June 15, 2015 (*id*.at 25). With respect to the first Notice, Petitioner's court-appointed PCR counsel filed a

Notice of Review stating that "no issues of merit" existed. (Doc. 17 at 3–4.) The Court granted Petitioner thirty days to file a pro se petition, but he never did so. (Doc. 16 at 68.) In his third, untimely PCR, Petitioner raised eight grounds for relief. (Doc. 18 at 30–31.) The State responded. (Doc. 21 at 3–26.) On November 24, 2015, the trial court rejected all of Petitioner's claims for relief. (Doc. 16 at 73, 77–82.) The trial court rejected Petitioner's first argument as untimely and without merit. (*Id*. at 79.) It rejected Petitioner's remaining arguments as precluded and/or untimely. (*Id*. at 73, 79–82.)

The Court of Appeals granted review but denied relief. (Doc. 16 at 72–75.) The Arizona Supreme Court denied review on April 19, 2017. (Doc. 21 at 44.)

**B. The Amended Petition**

Plaintiff filed his original Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 20, 2018 (Doc. 1), and he filed an Amended Petition ("Petition") on May 1, 2018 (Doc. 6). The Petition raises eight grounds for relief. (Doc. 6.) Petitioner avers that his habeas Petition was timely filed because the Arizona Supreme Court issued its ruling denying review on his third PCR Petition on April 19, 2017. (*Id*. at 11.) Therefore, he contends, the filing date of April 18, 2018 is within the one-year limitations period. (*Id*.) Petitioner alternatively argues that he is entitled to equitable tolling of the limitations period because (1) direct appeal counsel never gave him the complete trial and exhibit record; (2) direct appeal counsel never gave him the direct appeal record; (3) Petitioner has trouble understanding legal jargon; (4) Petitioner lacks legal knowledge; (5) Petitioner believed he was not entitled to any further relief after filing the 2004 PCR Notice; (6) the resentencing court "did not give . . . [Petitioner] 45 days in order to file his PCR petition in Propia Persona;" (7) the court did not give Petitioner new counsel to proceed with a PCR petition.[1] (*Id*. at 61–62.) Petitioner further argues that *Martinez v. Ryan*, 566 U.S. 1 (2012) supports the equitable tolling of the limitations period. (*Id*. at 62–68.)

. . . .

---

[1] Petitioner does not specify which court or which PCR he is referring to.

### C. The R&R

The R&R recommends dismissing the Petition as untimely under the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. (Doc. 25 at 5–9, 12.) The R&R finds that the one-year limitations period expired on August 29, 2006, rendering the Petition—filed in 2018—untimely by over a decade. (*Id.* at 5.) The R&R rejects Petitioner's argument that the limitations period did not begun to run until the Supreme Court denied review of the trial court's ruling on Petitioner's 2015 PCR. (*Id.* at 5-6.) The R&R further finds that equitable tolling does not apply and rejects Petitioner's arguments that his failure to comply with the statute of limitations should be excused. (*Id.* at 6–8).

The R&R finds, in the alternative, that all but one of the grounds for relief alleged in the § 2254 Petition are procedurally defaulted without excuse. (*Id.* at 9-10.) Specifically, the R&R finds that the claimed alleged in grounds One, Two, and Four through Eight were not properly exhausted in state court because Petitioner did not raise them on direct appeal; that the claims are now procedurally defaulted; and that Petitioner failed to show cause and prejudice or a miscarriage of justice to excuse the procedural default. (*Id.* at 10-12.) The R&R finds that ground Three was properly exhausted but is precluded from federal habeas review under the independent and adequate state-ground doctrine because the Court of Appeals addressed this argument on direct appeal and rejected it. (Doc. 16 at 6–7; Doc. 25 at 10.)

### D. Petitioner's Objections

Petitioner objects to the R&R on three grounds. (Doc. 26.) First, he objects to the R&R's finding that the Petition was untimely. (*Id.* at 2.) He argues that the untimeliness of the Petition is excusable because extraordinary circumstances justify equitable tolling, pursuant to *Holland v. Florida*, 560 U.S. 631 (2010). (*Id.*) Second, he objects to the R&R's finding that his claims are procedurally defaulted. (*Id.* at 3.) He argues that his PCR counsel, as well as trial and appellate counsel, were ineffective and therefore he is entitled to relief pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). (*Id.*) Third, he objects

to the R&R's finding that some of the claims raised in the Petition were not properly exhausted. (*Id.*) He contends that all claims were properly exhausted in state court. (*Id.*)

**III. Applicable Law**

AEDPA allows a state prisoner one year in which to file a habeas corpus petition in federal court. 28 U.S.C. § 2244(d)(1); *Furman v. Wood*, 190 F.3d 1002, 1004 (9th Cir. 1999) (AEDPA applies to § 2254 petitions filed after April 24, 1996). As relevant here, the one-year limitations period begins to run on the date when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a state prisoner does not seek review from the state's highest court, the judgment becomes final when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

AEDPA's limitations period is tolled during the time period in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). The limitations period is also subject to equitable tolling, but only if the petitioner proves that (1) "he has been pursuing his rights diligently" and (2) "some extraordinary circumstance" prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (finding extraordinary circumstances due to attorney's conduct); *see also Roy v. Lampert*, 465 F.3d 964, 974 (9th Cir. 2006) (finding extraordinary circumstances where law library contained no information related to AEDPA); *Spitsyn v. Moore*, 345 F.3d 796, 799–801 (9th Cir. 2003) ("egregious" attorney conduct can create extraordinary circumstance); *Lott v. Mueller*, 304 F.3d 918, 924–25 (9th Cir. 2002) (denial of access to legal files constitutes extraordinary circumstances); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). For attorney conduct to rise to the level of an "extraordinary circumstance," the conduct must be more than "garden variety" negligence or "ordinary attorney negligence" such as missing a deadline. *See Holland*, 560 U.S. at 651–52; *Spitsyn*, 345 F.3d at 800. The standard for a petitioner's diligent

pursuit of rights is "reasonable diligence." *Holland*, 560 U.S. at 653. A petitioner seeking equitable tolling must demonstrate a causal relationship between the extraordinary circumstance and the lateness of the filing. *Spitsyn*, 345 F.3d at 799 (citations omitted).

"[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The Ninth Circuit has been clear that, given the high threshold, "equitable tolling is unavailable in most cases." *Miranda*, 292 F.3d at 1066.

### IV. Discussion

Petitioner objects to the R&R's finding that he is not entitled to equitable tolling on AEDPA's one-year limitations period for filing a habeas petition. Petitioner had until August 29, 2006, at the latest, to file a habeas petition in federal court. The latest possible date on which the judgment against Petitioner became final was at the conclusion of his re-sentencing on August 9, 2005. 28 U.S.C. § 2244(d)(1)(A). Petitioner would have had to appeal that sentencing determination by August 29, 2005. (Doc. 18 at 17); Ariz. R. Crim. P. 31.2(a)(2). He did not do so and the "time for seeking such review" expired on August 29, 2005. Thus, the one-year limitations period for filing a habeas petition expired one year later, on August 29, 2006. As the R&R finds, Petitioner's untimely 2015 PCR did not reset AEDPA's clock. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). The original § 2254 Petition in this case was filed on April 20, 2018—more than ten years late.

Petitioner contends that he is entitled to equitable tolling "not by the individual extraordinary circumstances . . . but rather by the cumulative effect of all the extraordinary circumstances." (Doc. 26 at 3); *Holland*, 560 U.S. at 631. However, Petitioner has not shown that he has been diligently pursuing his rights, he does not allege facts that would constitute "extraordinary circumstances," and he does not connect any such allegations to the untimely filing of his Petition. His conclusory statement is insufficient to support an equitable tolling claim. The § 2254 Petition is untimely under 28 U.S.C. § 2244(d)(1). *See, e.g., Funtanilla v. Clark*, 394 F. App'x 380, 381 (9th Cir.

2010) (affirming dismissal of § 2254 petition as untimely where equitable tolling did not apply); *Schinkel v. Kramer*, 132 F. App'x 694, 695 (9th Cir. 2005) (affirming dismissal of § 2254 petition where petitioner did not demonstrate a causal connection between limited library access and untimely filing).

The Court declines to reach the issues related to procedural default and exhaustion of Petitioner's claims because the Petition is clearly untimely, and *Martinez* does not provide a basis for equitable tolling of the limitations period. *See Brown v. Ryan*, 2015 WL 3990513, at *9 (D. Ariz. June 30, 2015) ("*Martinez* . . . does not address the timeliness of a habeas petition or the tolling of the AEDPA limitations period."); *Johnson v. Warden*, 738 F. App'x 1003, 1007 (11th Cir. 2018) ("Martinez does not apply to equitable tolling[.]"). Even if Petitioner's PCR counsel was ineffective, "Petitioner does not explain how PCR counsel's failures prevented him from filing a timely habeas petition in this court." *See McMillan v. Ryan*, 2016 WL 1659131, at *4 (D. Ariz. Mar. 9, 2016).

Accordingly,

**IT IS ORDERED** that Petitioner's Objection (Doc. 26) is **overruled**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 25) is **accepted and adopted with respect to its finding that the § 2254 Petition is barred by AEDPA's statute of limitations**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254 (Doc. 6) is **dismissed with prejudice**. The Clerk of Court is directed to enter judgment accordingly and close this case.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED**, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, that the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 31st day of October, 2019.

_____
Honorable Rosemary Márquez
United States District Judge